United States District Court
District of Massachusetts

```
_____
                               )
BETTINA PASQUANTONIO, NICHOLAS )
PASQUANTONIO, and NOVAROSE     )
PASQUANTONIO, by her father and)
next friend, NICHOLAS          )   Civil Action No.
PASQUANTONIO,                  )   11-10767-NMG
         Plaintiffs,           )
                               )
         v.                    )
                               )
KAREN J. POLEY, M.D., ANJAN K. )
CHAUDHURY, M.D., CHRISTINE A.  )
PENSO, M.D., and STEWARD HEALTH)
CARE SYSTEM LLC,               )
         Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs Nicholas and Bettina Pasquantonio, and Novarose Pasquantonio ("N.P.") by her father (collectively, "the plaintiffs") bring suit against Doctors Karen J. Poley ("Dr. Poley"), Anjan K. Chaudhury ("Dr. Chaudhury") and Christine A. Penso ("Dr. Penso") for alleged violations of the standards of prenatal care. The complaint contains counts for negligence and failure to obtain, or violation of, informed consent, against each doctor and counts against Steward Health Care System LLC ("Steward Health") for vicarious liability. Currently before the Court is the defendants' joint motion to dismiss and plaintiffs' motion for referral to a medical malpractice tribunal.

I.  **Factual Background**

Plaintiffs' claims arise from the allegedly negligent obstetrical ("OB") prenatal care the defendant doctors provided to Bettina Pasquantonio during her pregnancy with N.P. Plaintiffs contend that the doctors' failure to adhere to accepted medical standards left them entirely unaware that N.P. was at a significant risk of being born with Down's syndrome. The doctors allegedly failed to offer genetic counseling or to provide accurate information concerning the risk that her fetus would have Down's syndrome.  Plaintiffs contend that, as a result, the pregnancy was not terminated and plaintiffs must now pay the prohibitive medical and living costs N.P.'s condition requires.  Plaintiffs therefore seek monetary damages to be determined by a jury, plus interest and costs.

II. **Procedural History**

Plaintiffs filed a complaint with the Massachusetts Superior Court for Suffolk County in September, 2010.  That case is currently pending.  See Bettina Pasquantonio et al. v. Karen J. Poley, M.D. et al., Civ. No. 2010-03775-E.

Approximately eight months later, on May 2, 2011, the same plaintiffs filed a substantially identical complaint with this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.[1]

---

[1] Although the state court complaint did not originally name Steward Health as a party, plaintiffs added that entity in their Substituted and Amended Complaint filed with the state

Plaintiffs served the complaint on the defendants in August, 2011, and defendants responded in September, 2011, by filing a joint motion to dismiss the complaint or, in the alternative, to stay the action pending the outcome of the parallel state action. Plaintiffs have opposed that motion and have filed a motion for referral to a Medical Malpractice Tribunal.

After a scheduling conference was held on October 27, 2011, the Court took defendants' motion to dismiss under advisement. Defendant Steward has since filed a supplemental memorandum in support of its motion to dismiss to which plaintiffs have filed an opposition.

**III. <u>Analysis</u>**

    **A. Legal Standard**

Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." <u>Moses H. Cone Memorial Hosp.</u> v. <u>Mercury Constr. Corp.</u>, 460 U.S. 1, 15 (1983). Thus, as a general rule, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." <u>Id.</u> Nonetheless, the Supreme Court in <u>Colorado River</u> held that abstention may be warranted where considerations of "wise judicial administration" strongly counsel against duplicative state and federal lawsuits. <u>Colorado River</u>

---

court approximately one week after the federal complaint was filed.

Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (internal quotation omitted).  The Court emphasized, however, that this form of deference is very limited and only appropriate in "extraordinary" circumstances.  See id.; see also Currie v. Grp. Ins. Comm'n, 290 F.3d 1, 10 (1st Cir. 2002).

The First Circuit, drawing on Colorado River and its progeny, considers the following factors in determining whether extraordinary circumstances exist:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 28 (1st Cir. 2010) (citation omitted).  The subject list is not exhaustive and no single factor is dispositive.  Id.  Rather, the Court must carefully balance each factor while remaining mindful of the presumption in favor of exercising jurisdiction.  See id.

**B.  Application**

In this case, the state and federal lawsuits involve identical parties and identical claims.  Defendants argue that the federal suit should be dismissed or stayed because it is entirely duplicative of the first-filed state action and turns entirely on state law.  They contend that litigating the same

action in both federal and state court is an unnecessary and inequitable imposition on their time and resources.

Plaintiffs respond that the circumstances weigh heavily in favor of this Court exercising jurisdiction. Additionally, they contend that the case should remain in federal court so that two unresolved issues of state law implicated by their claims may be certified to the Massachusetts Supreme Judicial Court ("the SJC").[2] By retaining jurisdiction and employing the certification procedure, they assert, this Court will achieve a timelier and more efficient resolution of the case which is therefore preferable to an adjudication by the state court.

This Court concludes, to the contrary, that this case presents exceptional circumstances warranting a dismissal. Certain of the Colorado River factors have little bearing on this case: there is no res at issue (factor one), the federal forum is equally convenient to the state forum (factor two) and the state forum is adequate to protect the parties' interests (factor six). Moreover, the fact that the state forum obtained jurisdiction prior to the federal forum (implicating factor four) weighs only

---

[2] A federal district court may exercise its discretion to certify a question of Massachusetts state law to the Supreme Judicial Court if the question

> may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent....

Mass. S.J.C. Rule 1:03, § 1 (2010).

mildly in favor of abstention because the two suits are at roughly the same stage. See Jimenez, 597 F.3d at 30 ("[T]he relative progress of the suits is more important than the strict order in which the courts obtained jurisdiction."). The remaining factors, however, weigh strongly in favor of abstention.

The eighth factor requires courts to consider the principles underlying removal jurisdiction to determine whether surrendering jurisdiction is appropriate in a given case. See, e.g., Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 14 (1st Cir. 1990). That factor strongly favors abstention in this case, where the plaintiffs have, in effect, removed the original suit to federal court by filing a later, duplicative federal suit against the same defendants. See id.; see also Fairway Capital Corp., 483 F.3d at 44. Such a dual filing runs contrary to the intent of Congress that it be a defendant's prerogative (not plaintiff's) to remove a case from state court to federal court under 28 U.S.C. § 1441. See Villa Marina, 915 F.2d at 14. Furthermore, concerns for equity and prudent judicial administration strongly counsel requiring a plaintiff to abide by his original choice of forum.

Moreover, the Court finds plaintiffs' certification argument particularly underwhelming. They initiated the suit in state court and then, apparently displeased with the pace and the

perceived stagnation of the case, filed an identical suit with this Court.  Plaintiffs are essentially seeking to exploit the federal system as a means of bypassing slower state proceedings and achieving a more expedient, final state court decision on issues of unresolved state law.  This Court declines to endorse such a tactic where the case 1) was filed first in state court, 2) implicates only state law issues and 3) has not substantively progressed in federal court.  Indeed, plaintiffs' conduct does border on vexatious and contrived, implicating factor seven.  The Court rejects plaintiffs' attempt to elude prescribed state court procedure simply because it suits their objective.

Plaintiffs' certification arguments are also inimical to the third and fifth factors in the <u>Colorado River</u> analysis.  The fifth factor, whether state or federal law controls the federal suit, favors dismissal "when a case presents complex questions of state law that would best be resolved by a state court." <u>Villa Marina</u>, 915 F.2d at 15 (internal quotation omitted); <u>see also</u> <u>Jimenez</u>, 597 F.3d at 30 ("[A]bstention may be preferable when the parties' claims present particularly novel, unusual or difficult questions of legal interpretation.").  Here, plaintiffs contend that unresolved and controlling issues of state law are implicated by their complaint, including whether 1) Massachusetts law recognizes a cause of action for negligent post-conception genetic counseling, 2) a child born as a result of that lack of

counseling has an independent cause of action and 3) the charitable limitation on liability will apply to plaintiffs' claims against defendant Steward Health.

For the reasons stated above, the Court demurs to plaintiffs' proposition that the possibility of certifying these issues to the SJC somehow favors retention of jurisdiction by this federal court. It concludes, instead, that the presence of such unresolved issues, which implicate state policy, calls for a contrary result. Those issues are currently pending before the state court where they ought to be decided. See Currie v. Grp. Ins. Comm'n, 290 F.3d 1, 11 (1st Cir. 2002) (staying federal proceeding where state law was not clear and court was unsure how the state would balance the important policy interests implicated).

For related reasons, the third factor, which requires the Court to consider whether there is a risk of piecemeal litigation that could be avoided by surrendering jurisdiction, also favors abstention. Here, more than a mere duplication of effort is present because the suit implicates unresolved and controlling issues of state law. See, e.g., United States v. Fariway Capital Corp., 483 F.3d 34, 42 (1st Cir. 2007) ("[A] risk of piecemeal litigation arises when a ruling from the state court would render [a federal decision] merely advisory."); Rivera-Feliciano v. Acevedo-Vila, 438 F.3d 50, 62 (1st Cir. 2006) (opting to avoid

piecemeal litigation by having Puerto Rico courts decide the many unresolved and controlling issues of Puerto Rico law first). Those unresolved issues provide an exceptional basis for avoiding duplicative actions due to a potential for conflicting results. This Court eschews an interpretation of sensitive and unsettled state law while the state court is currently poised to address the issue.

In sum, the Court concludes that this is a unique case where considerations of "wise judicial administration" strongly counsel against the coexistence of identical state and federal lawsuits and in favor of deference to the state proceedings. It will therefore allow defendants' motion and dismiss plaintiffs' complaint.

## ORDER

In accordance with the foregoing, defendants' joint motion to dismiss or stay is **ALLOWED**. Plaintiffs' complaint is dismissed.

**So ordered.**

                                /s/ Nathaniel M. Gorton
                                Nathaniel M. Gorton
                                United States District Judge

Dated December 6, 2011